ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
APR 2 7 2007
U.S. COURT OF FEDERAL CLAIMS

**SIMON ROOFING AND SHEET METAL CORP.**
70 Karago Avenue
Boardman, Ohio
44512

Plaintiff,

v.

No. 07-267 C

**THE UNITED STATES**
c/o Attorney General
9500 Pennsylvania Ave, NW
Washington, District of Columbia
20530

Defendant.

## COMPLAINT

Now comes Plaintiff, Simon Roofing and Sheet Metal Corp. ("Simon Roofing"), by and through its undersigned counsel, and states for its Complaint against Defendant, the United States, acting through its agent, the United States Army Corps of Engineers (the "Corps"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Simon Roofing is an Ohio corporation with an office and principal place of business in Boardman, Ohio. Simon Roofing is a commercial roofing installation, maintenance, repair and replacement company.

2. The Defendant, the United States, through its agent, the Corps, based upon information and belief, manages the Operation Blue Roof program for the Federal Emergency Management Agency ("FEMA").

3. Jurisdiction and venue in this action is proper as this Court has jurisdiction over the subject matter of this dispute pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609(a), and the Tucker Act, 28 U.S.C. § 1491(a)(2) as this action involves an express contract with the United States Army Corps of Engineers.

**FACTS COMMON TO ALL COUNTS**

4. On September 4, 2005 Simon Roofing was awarded and entered into a written contract (Contract No. W912P9-05-D-0522) with the Corps (the "Contract") for the installation of temporary blue tarps on roofs damaged by Hurricane Katrina, in the states of Louisiana and Mississippi, as part of project "Operation Blue Roof". A copy of the Contract is attached as **Exhibit A**.

5. The initial Contract provides for a separate pricing schedule for a total value of work for temporary roofing missions for a maximum capacity of ten million dollars ($10,000,000).

6. On September 6, 2005 the Contract was modified in writing to increase the amount permitted for the total value of work for temporary roofing missions for a maximum capacity of twenty million dollars ($20,000,000). A copy of the first Contract modification is attached as **Exhibit B**.

7. On September 16, 2005 the Contract was further modified in writing to increase the amount permitted for the total value of work for temporary roofing missions for a maximum capacity of seventy million dollars ($70,000,000). A copy of the second Contract modification is attached as **Exhibit C**.

8. In addition, the Contract was mutually modified by oral agreement throughout the course of performance under the Contract by authorized agents or representatives of the Contracting Officer and/or the Corps.

9. Simon Roofing fully performed under the Contract in compliance with the Contract terms and any modifications thereto.

10. On or about January 21, 2006 the Corps informed Simon Roofing that, pursuant to Federal Acquisition Regulations ("FAR") 52.215-2, the Defense Contract Audit Agency (the "DCAA") would commence, on or about January 30, 2006, an audit of the amounts billed for work performed by Simon Roofing during Operation Blue Roof.

11. Simon Roofing openly participated in the DCAA audit in good faith and in compliance with the Standard Operating Procedure (Procedure No. SOP-DCAAaudit-001) provided by the Corps for the DCAA audit.

12. Simon Roofing disagreed with the findings and propriety of the DCAA audit and on March 17, 2006 Simon Roofing sent a letter to the Corps to formally dispute the findings of the DCAA audit.

13. On April 17, 2006 Simon Roofing again sent a letter to the Corps formally disputing the findings of the DCAA audit.

14. On April 29, 2006 the Corps issued its Final Decision to Simon Roofing regarding the DCAA audit and indicated that "the Government will withhold $536,568.00 for overpayments as a result of the DCAA audit findings". A copy of the Corps' Final Decision is attached as **Exhibit D**.

15. Simon Roofing continually requested a copy of the DCAA audit from the Corps on or about February 15, 2006, February 20, 2006, March 7, 2006, April 3, 2006, and September

26, 2006, including a formal Freedom of Information Act request dated December 4, 2006. Simon Roofing never received a copy of the DCAA audit.

16. On June 12, 2006 the Corps notified Simon Roofing that the withholding amount from the DCAA audit had been lowered from $536,568.00 to $42,000.00.

17. The Corps continues to retain from Simon Roofing approximately $1,187,816.06 in withholdings and past due amounts.

18. To date, the Army Corps has failed to pay Simon Roofing all sums due and owing under the Contract.

19. Simon Roofing fully performed under the Contract and provided all required invoices and other documents as required under the Contract and any modifications thereto. Further, Simon Roofing concluded all work under the Contract and has completed all preconditions to final payment. Despite completing all contractual obligations to the Corps, the Corps continues to retain approximately $1,187,816.06 in withholdings and past due amounts, among other monies.

20. Consequently, because the Corps failed to make payment, the Corps is liable to Simon Roofing for the unpaid total of $1,187,816.06, for services performed by Simon Roofing under the Contract and other withheld amounts, plus interest thereon pursuant to 41 U.S.C. § 611.

21. Pursuant to 41 U.S.C. § 609, Simon Roofing brings this claim within twelve months of receipt by Simon Roofing of the Final Decision of the Contracting Officer concerning this claim.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

22. Simon Roofing incorporates by reference each and every allegation set forth above.

23. Simon Roofing entered into a valid and enforceable contract with the United States through its agent the United States Army Corps of Engineers.

24. Under the terms of the Contract, the Corps agreed to pay Simon Roofing under the terms of the Bid Schedule attached to the Contract, including any modifications to the Contract or the Bid Schedule, for services provided during Operation Blue Roof.

25. Simon Roofing performed all of its obligations under the Contract and any modifications thereto, and all conditions precedent to recovery under the Contract have been satisfied.

26. Simon Roofing has made repeated demands upon the Corps for payment of the outstanding amounts.

27. The Corps has breached the Contract by refusing to pay the outstanding amounts currently due and owing despite repeated demands.

28. As a result of the Corps' breach, Simon Roofing is entitled to recover $1,187,816.06 from the Corps, plus interest thereon.

**WHEREFORE,** Simon Roofing respectfully requests that this Court award it judgment as follows:

A. With respect to Count One, enter a monetary judgment against Defendant and in favor of Plaintiff in an amount equal to $1,187,816.06, which may be subject to supplementation, including interest thereon.

B. With respect to Count One, enter judgment against Defendant and in favor of Plaintiff for Costs to be sought at the appropriate time in these proceedings, Attorney's Fees to be sought at the appropriate time in these proceedings, Interest, and such other relief in law or equity to which Simon Roofing may be entitled.

Respectfully submitted,

_______________ dated: 4-26-07

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

BRYAN SCHWARTZ (OH 0078527) (admitted to U.S. Court of Federal Claims November 24, 1995)
ANNA K. RASKE (OH 0066997) (*admission to U.S. Court of Federal Claims pending*)
JEFFREY D. ZIMON (OH 0059565) (*admission to U.S. Court of Federal Claims pending*)
TASIA E. MCINTYRE (OH 0081259) (*admission to U.S. Court of Federal Claims pending*)
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
araske@bfca.com
jzimon@bfca.com
tmcintyre@bfca.com

*Attorneys for Plaintiff, Simon Roofing and Sheet Metal Corp.*