**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SIMON ROOFING AND SHEET METAL CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | **No. 07-267-C** |
| | ) | **No. 07-409-C** |
| | ) | **Judge Allegra** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Simon Roofing and Sheet Metal Corp. ("Simon Roofing" or "Plaintiff") and the United States ("Defendant") respectfully submit this joint status report in the above-captioned action, as required by the Court's order dated December 3, 2007.

Per the Court's December 3, 2007 order, the parties are required to file a joint status report every 28 days to indicate to the Court the progress of settlement negotiations. The parties last filed a joint status report on January 4, 2008. Since January 4, 2008, the parties have exchanged oral and written settlement proposals. Although the parties agree that negotiations have narrowed the issues considerably, the parties wish to make separate statements to the Court regarding the status of this matter.

Plaintiff: The parties have been involved in extensive settlement discussions for approximately five months regarding the consolidated complaints and arrived at a proposed outline of settlement. However, the specific details of the parties' final settlement agreement continue to cause problems. Importantly, this case involves undisputed payments in excess of one million dollars owed to Plaintiff, which Defendant concedes it owes to Simon Roofing. But, this sizeable, agreed amount will not be paid until all aspects of settlement are concluded. To

ensure that settlement moves forward and to prevent continued delays, Simon Roofing believes that it is appropriate for the parties and their representatives to attend a status conference before the Court. A status conference will permit the parties to update the Court on the status of settlement, allow the Court to aid the parties in reaching final resolution of the settlement details, and reduce continued delays. Under the circumstances, Simon Roofing does not understand Defendant's reluctance in attending a proposed status conference, with clients present, which will effectively assist in the settlement process. However, Defendant will not agree to attend a status conference before this Court. Thus, Simon Roofing will file a Motion for a Status Conference, with the required attendance of parties, in an effort to curb any further delay and assist all concerned in moving this matter to a full, mutually acceptable resolution.

Defendant: In our estimation, the parties are very close to resolving this matter. We remain optimistic that a resolution of the consolidated matter may be reached without the parties engaging in the significant discovery and litigation that this matter would involve. We see no reasonable purpose for having a status conference before this Court regarding the details of the parties' respective settlement positions. It is unclear whether the plaintiff seeks a status conference to hasten settlement by discussing the details of settlement negotiations so far with the Court or whether plaintiff seeks to set forth the relative merits of its case. Either motive is improper. In the first instance, the parties' settlement discussions and correspondence should remain confidential pursuant to Rule 408 of the Federal Rules of Evidence. In the second instance, it is premature for any discussion of the merits of the claims because the cases are currently stayed, and the Government has not filed a responsive pleading to either of the consolidated complaints. Indeed, the plaintiff's misrepresentation in its portion of this report that the Government "concedes" that it owes an "undisputed" sum in excess of $1 million runs afoul

of the legal underpinnings for our opposition to a settlement conference before this Court. If the parties cannot resolve this dispute, then the parties should proceed towards more formal litigation. At this point, however, we believe it is premature to do so.

Respectfully submitted,

Anna K. Raske
ANNA K. RASKE
JEFFREY D. ZIMON (OH#0059565)
TASIA E. MCINTYRE (OH# 0081259)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Phone: (216) 363-4500
Fax: (216) 363-4588
E-mail: araske@bfca.com
jzimon@bfca.com
tmcintyre@bfca.com

***Counsel for Plaintiff***

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

***Counsel for Defendant***

Date: February 1, 2008

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this, 1st day of February, 2008, a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey